**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Western Surety Company, | No. CV-16-00761-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |
| Pima County | |
| Intervenor Plaintiff, | |
| v. | |
| Western Surety Company, et al., | |
| Intervenor Defendants. | |

Pending before the Court is Intervenor Defendant Employers Mutual Casualty Company's ("EMC") Motion for Entry of Default Judgment against Intervenor Defendants Blue Diamond Contracting, LLC ("Blue Diamond") and Select Development & Construction, Inc. ("Select"). (Doc. 57.) Plaintiff Western Surety ("Western") and Defendant United States of America have not opposed the motion.

Blue Diamond, a South Dakota corporation, was served through the Arizona Corporation Commission on June 27, 2017 (Doc. 39-3), and has failed to appear or respond. Select was served through a statutory agent on June 14, 2017 (Doc. 39-1), and has also failed to appear or respond.

The Clerk of Court may enter a default judgment if a party fails to plead or defend against an action. Fed.R.Civ.P. 55. Furthermore, an intervenor defendant may protect its interests by requesting default judgment. *See e.g., Fid. & Guar. Life Ins. Co. v. Estate of Smith ex rei. Smith,* No. CV-12-224-MTT, 2014 WL 652441, at *1 n.3 (M.D. Ga. Feb. 19, 2014) ("Although it is typically the plaintiff who requests default judgment, the right of a defendant in an interpleader action to do so is also recognized."); *see also Protective Live Ins. Co. v. Tinney,* No. CV-14-02251-TMP, 2015 WL 1402464, at *4 ("Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants."; *Sun Life Assur. Co. of Canada v. Conroy,* 431 F.Supp.2d 220, 226 (D. R.I. 2006) ("a named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted."). It has been over six months since Blue Diamond and Select were served and failed to respond.

*Service*

Federal Rule 4(h)(1) states, in pertinent part:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Fed.R.Civ.P. 4(h)(1).

Under Arizona law:

When serving a domestic corporation with no authorized officer or agent in Arizona, "the corporation may be served by depositing two copies

of the summons and the pleading being served with the Arizona Corporation Commission. Following this procedure constitutes personal service on that corporation."

Ariz.R.Civ.P. 4.1(j)(2017).

The Court finds that Blue Diamond and Select were properly served.

***Eitel Factors***

After finding service sufficient, the Court considers whether the Plaintiff's Complaint meets the *Eitel* factors for granting a default judgment. These include: "(1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

On a motion for default judgment, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). "[H]owever, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co., 980 F.2d 1261*, 1267 (9th Cir. 1992); *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978). Absent facts and "claims which are not well-pleaded [] are not binding and cannot support the judgment." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989) (citing *Nishimatsu Construction Co. v. Houston National Bank,* 515 F2.d 1200 (5th Cir. 1975)).

The original complaint pertains to a conflict over the money owed for a road construction project. (Doc. 1.) Select was a general contractor for the project and entered into a contract with Pima County for services. (Doc. 1 at 2, ¶ 5-6.) Western issued a bond on the project, naming Select as Principal and Pima County as Obligee. (*Id.* at ¶ 56.) After construction commenced, Select submitted Pay Applications to Pima County, some were paid, but not all. (*Id.* at 3, ¶ 9-10.)

Pima County alleged that Western violated the contract because Select was not paying some subcontractors and suppliers. (*Id.* at 3-4, ¶ 11.) Pima County refused to make additional payments until these issues were resolved. (*Id.*) Western paid the subcontractors and suppliers, and paid Select for labor and costs. (*Id.* at 4, ¶12.) Western alleges that Pima County did not fulfill its financial obligations under the contract. (*Id.* at ¶ 16.) Some of the funds owed by Pima County are at issue in the instant complaint against the IRS' Notice of Levy. (*Id.*)

Blue Diamond and Select were added to the case as intervenor defendants by intervenor Pima County because they had competing claims to the money at issue in the pending case. (Doc. 21.) Blue Diamond was a subcontractor of Select and Pima County believes it is "pursuing a claim for damages which would be covered by the Settlement payment." (*Id.* at 3, ¶ 12.) Pima County was concerned that it may be subject to multiple liabilities with competing claims from the both Plaintiff and Defendant, as well as Select, Blue Diamond, and EMC.

The Court agrees that the sum of the money at stake in this action is significant. Pima County has deposited the sum of one million, three hundred thousand dollars ($1,300,000) with the Clerk of Court pending the resolution of this case. (Doc. 46.)

However, there is no prejudice to Plaintiff in granting default judgment against Select and Blue Diamond. In fact, Plaintiff will face fewer challengers to the disputed money if Select and Blue Diamond are defaulted. Further, Intervenor Defendants United States and Western have failed to respond to the motion, which the Court interprets as consent to granting the default judgment. *See* LRCiv. 7.2(i).

The material facts presented by both Pima County and Western appear to support the merits of Western's claim as well as the sufficiency of the complaint and do not raise a dispute of material facts. The Court finds that the Complaint is sufficient to prove "the pleader is entitled to relief." Fed.R.Civ.P. 8(1)(b).

Furthermore, there is no indication that Blue Diamond and Select's failure to appear is because of excusable neglect. Both have been adequately served, given ample notice and opportunity to respond, and have failed to do so. In addition, EMC filed a

Request for Entry of Default Judgment for both Select and Western over six months ago. (Doc. 42-43.) Granting default judgment does not undermine the policy implications favoring a decision on the merits.

Therefore, IT IS ORDERED that Intervenor Defendants Blue Diamond Contracting, LLC and Select Development & Construction, Inc. forfeit any claim of entitlement to the proceeds currently deposited in this case with the Court by Intervenor Pima County. The Clerk of Court shall enter judgment accordingly.

Dated this 4th day of April, 2018.

_____
Honorable Cindy K. Jorgenson
United States District Judge